**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**VICTOR YANCEY, JR.,**
**Petitioner,**

**v.** **Case No. 26-CV-863**

**KEVIN GARCEAU,**
**Respondent.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Victor Yancey, Jr., who is incarcerated pursuant to two related judgments of a Wisconsin Circuit Court, Milwaukee Cnty. Cir. Ct. Case Nos. 2014CF004078, 2015CF001796, filed a petition for a writ of habeas corpus. Accompanying his petition is a motion for leave to proceed without prepayment of the filing fee. Based on the financial information Yancey provided the court, the court finds that he is indigent. Accordingly, the court will grant his motion to proceed without prepayment of the filing fee.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Yancey has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court (ECF No. 1 at 3) and therefore has plausibly exhausted his state court

remedies. *See* 28 U.S.C. § 2254(b)(1)(A). There is no indication that he has previously sought federal habeas relief related to these judgments. *See* 28 U.S.C. § 2244(b). His petition contains at least one plausibly cognizable claim.

It is unclear if he filed his petition within one year of the Wisconsin Supreme Court denying his request for review. (ECF No. 1 at 4); *see also* 28 U.S.C. § 2244(d); Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). He states the Wisconsin Supreme Court denied his petition on October 8, 2024. (ECF No. 1 at 4.) Wisconsin Circuit Court records state that the Wisconsin Supreme Court denied a petition for review on February 13, 2025. *See* Milwaukee Cnty. Cir. Ct. Case No. 2014CF004078. Thus, the timeliness of his petition may depend on when Yancey mailed his petition. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).

Consequently, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. The petitioner shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. The petitioner may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss the petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition,

the petitioner shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

All of the petitioner's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 3rd day of August, 2026.

*s/ Bryon B. Conway*
BYRON B. CONWAY
United States District Judge