**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**VICTOR YANCEY, JR,**

**Petitioner,**

**v.** **Case No. 26-CV-863**

**KEVIN GARCEAU,**

**Respondent.**

---

**VICTOR YANCEY, JR,**

**Petitioner,**

**v.** **Case No. 26-CV-864**

**KEVIN GARCEAU,**

**Respondent.**

---

## ORDER

---

Victor Yancey, Jr., filed two habeas petitions. In the petition assigned case number 26-CV-863, Yancey challenges his convictions in Milwaukee County Circuit Court cases numbered 2014CF004078 and 2015CF001796. Those cases relate to a shooting. Following a trial where the jury considered and convicted him of charges in both case numbers, Yancey appealed.

He appealed his conviction in 2014CF004078 under appeal number 2022AP001765-CR, and his conviction in 2015CF001796 under appeal number 2022AP001766-CR. The court of appeals consolidated those appeals and on September 4, 2024, affirmed his conviction. *State v. Yancey*, 2024 WI App 62, 414 Wis. 2d 151, 14 N.W.3d 336, 2024 Wisc. App. LEXIS 739 (unpublished). The Wisconsin Supreme Court denied review on February 12, 2025. *State v. Yancey*, 2025 WI 8, 416 Wis. 2d 734, 18 N.W.3d 702, 2025 Wisc. LEXIS 22, 2025 LX 59051, 2025 WL 804244.

In the habeas petition assigned case number 26-CV-864, Yancey challenges his conviction in Milwaukee County Circuit Court case number 2014CF003435. That case related to drug offenses. He appealed that conviction under appeal number 2022AP001571-CR. The court of appeals affirmed his conviction on October 8, 2024. *State v. Yancey*, 2024 WI App 74, 414 Wis. 2d 323, 15 N.W.3d 508, 2024 Wisc. App. LEXIS 838. And the Wisconsin Supreme Court denied review on February 12, 2025. *State v. Yancey*, 416 Wis. 2d 734, 18 N.W.3d 700 (2025), 2025 Wisc. LEXIS 49, 2025 LX 29717, 2025 WL 804239.

In the petition assigned case number 26-CV-863, *i.e.*, the shooting case, Yancey presents claims regarding the denial of a missing witness instruction, regarding the unavailability of a police officer and a lab analyst. He also argues that their absence violated the Confrontation Clause. Finally, he argues that the court abused its discretion by allowing in evidence photographs taken by the absent officer and a lab report prepared by the absent technician.

In the petition assigned case number 26-CV-864, *i.e.*, the drug case, Yancey alleges that his right to a speedy trial was violated, that his attorneys were ineffective for failing investigate the case and file certain motions, the prosecutor engaged in misconduct, and the court denied him his right to represent himself.

The problem is that the petitions jumble together his claims and cases. In Yancey's appeal in the shooting case, he argued: "(1) he was denied his constitutional right to a speedy trial; (2) he was deprived of effective assistance of counsel; (3) prosecutorial misconduct occurred; (4) he was denied the right to represent himself; and (5) the circuit court erroneously exercised its discretion by allowing an officer to testify." *State v. Yancey*, 2024 WI App 62, ¶ 6. But here he presents those claims with respect to the drug case, *i.e.*, case number 26-CV-864.

The respondent, rightly confused, moved for a more definite statement in each case. Yancey responded, but his response did not resolve the confusion.

It appears that the problem arose from the fact that Yancey mailed his petitions across as many eight different envelopes. When the various envelopes arrived at the Clerk's Office, a deputy clerk put the filings together and docketed them but in doing so mixed-up certain pages from the two petitions. For example, the petition filed in 26-CV-863 has two versions of the third page of the court's standard habeas petition form; the petition filed in 26-CV-864 lacks such a page three.

The court believes that petitions are correctly organized as follows:

| | **26-CV-863** | **26-CV-864** |
|---|---|---|
| **Underlying offense:** | Shooting | Drugs |
| **Circuit court case(s):** | 2014CF004078<br>2015CF001796 | 2014CF003435 |
| **Appeal number(s):** | 2022AP001765-CR,<br>2022AP001766-CR | 2022AP001571-CR. |
| **Claims include:** | Speedy trial;<br>Ineffective assistance;<br>Prosecutorial misconduct;<br>Self-representation | Missing witness;<br>Confrontation Clause;<br>Admission of photographs and lab report |

The court has gone through each page and believes it has been able to reassemble the pages in the manner Yancey intended to file them such that they are now associated with their correct petitions. The Clerk shall docket the reconstructed petitions.

It appears that this should resolve the respondent's motion for a more definite statement. Accordingly, the respondent's motion for a more definite statement (ECF No. 10) is **DISMISSED AS MOOT**.

The respondent's motion for an extension of time (ECF No. 16) is **GRANTED**. The respondent shall answer the petition within **45 days** of this order.

The Clerk shall mail the reconstructed petitions to Yancey. If the court's reconstruction is in any way incorrect, Yancey shall within **21 days** of this order file an amended petition. Any amended petition must be complete, including all exhibits, and fully take the place of the original petition without reference to or attempt to

incorporate any prior filing. If Yancey files an amended petition, the respondent's deadline to answer the petition in that action is stayed pending the court's review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases.

Any future filings submitted by mail must not be dispersed across multiple envelopes. A filing must be contained within a single envelope. An envelope should contain filings in only a single case. If Yancey submits filings using his institution's e-filing program, he must take care to ensure that the filing is associated with the correct case number. For example, Yancey may write the applicable case number, *e.g.*, 26-CV-863 or 26-CV-864, at the bottom of each page to ensure that documents are filed in the correct case.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 6th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge